UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RED A PROTSMAN,<br><br>                    Plaintiff,<br><br>        v.<br><br>IVERSON, et al.,<br><br>                    Defendants. | Case No.   1:26-cv-00801-HBK<br><br>ORDER TO RANDOMLY ASSIGN TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Eugene Red A Protsman, a prisoner, proceeds in this civil action pro se. (Doc. 1). Plaintiff failed to pay the filing fee, apply to proceed *in forma pauperis*, or obey a court order. For the reasons set forth below, the undersigned recommends the District Court dismiss this action without prejudice.

BACKGROUND

On January 30, 2026, Plaintiff filed this civil action. (Doc. 1). That same day, the Court issued an order directing Plaintiff, within thirty (30) days, to complete an application to proceed *in forma pauperis* or pay the $405.00 filing fee if he wished to prosecute this action. (Doc. 4). The Court specifically advised Plaintiff that if he failed to timely comply with the Court's January 30, 2026 Order, or request an extension of time to comply, the undersigned will recommend the Court dismiss this case consistent with Local Rule 110. (*Id.*). As of the date of these Findings and Recommendations, Plaintiff neither filed an application to proceed *in forma pauperis* nor

paid the $405.00 filing fee, and the time to do so has expired.

APPLICABLE LAW

A. Failure to Pay the Filing Fee

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.00.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee but only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

As noted above, Plaintiff did not pay the $405.00 filing fee or submit an application to proceed *in forma pauperis*.  Thus, this action may not proceed and the district court may dismiss this action without prejudice.  *See Escobedo v. Applebees et al.*, 787 F.3d 1226, 1228 (9th Cir. 2015) (finding that a district court "will be free to dismiss the complaint" if the filing fee is not paid if an application to proceed *in forma pauperis* is not granted); *see also In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of pro se litigant's claim for failure to pay required filing fees); *see also Desai v. Biden*, No. 1:20-cv-1579-NONEJLT, 2021 WL 38169, at *1 (E.D. Cal. Jan. 5, 2021), *report and recommendation adopted,* No. 1:20-cv-1579-NONE-JLT, 2021 WL 276236 (E.D. Cal. Jan. 27, 2021).

B. Failure to Prosecute

Alternatively, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City of Los*

2

*Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021.  *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020).  This Court's time is better spent on other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the

unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's January 30, 2026 Order directing Plaintiff to complete the attached application to proceed *in forma pauperis* or pay the $405.00 filing fee expressly warned Plaintiff that his failure to timely comply would result in a recommendation of dismissal of this action for his failure to prosecute this action and his failure to comply with a court order. (*See* Doc. 4). Thus, Plaintiff had adequate warnings that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor.

After considering the factors set forth *supra* and binding case law, in the alternative, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule 110.

ACCORDINGLY, it is **ORDERED**:

The Clerk of Court randomly assign this case to a district judge for consideration of these

4

Findings and Recommendation.

It is further **RECOMMENDED**:

1. This action be DISMISSED without prejudice for Plaintiff's failure to pay the filing fee and obey the Court's order; and

2. The Clerk of Court be DIRECTED to close this action.

**NOTICE TO PARTIES**

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).  These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  ***Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.***

Dated:     March 25, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5